IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MARC WACHTER, #M12656, <br><br>   Plaintiff, <br><br> vs. <br><br> MATHIS, <br> ANISSA SHAW, <br> JEFFEREY STRUBHART, <br> ARB, <br> ROB JEFFREYS, <br> SCOTT THOMPSON, and <br> WARDEN OF CENTRALIA <br> CORRECTIONAL CENTER <br> (*official capacity only*), <br><br>   Defendants. | Case No. 3:21-cv-00855-SMY |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Marc Wachter, an inmate of the Illinois Department of Corrections, filed the instant lawsuit pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights at Centralia Correctional Center. This case is now before the Court for preliminary review of the First Amended Complaint under 28 U.S.C. § 1915A. Any portion of the First Amended Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

### First Amended Complaint

Plaintiff makes the following allegations in the First Amended Complaint (Doc. 35): On August 18, 2020, Sgt. Mathis and Nurse Anissa Shaw opened Plaintiff's cell door unannounced while he was urinating. Plaintiff was startled and urinated all over his hands. He asked if he could finish urinating and wash his hands before taking his meds. Mathis ordered him to take his meds

immediately. Shaw poured the medication in his hands and told him to stick out his tongue to make sure he had swallowed the pills. Mathis and Shaw then laughed and walked away.

Plaintiff submitted a grievance about the incident. Grievance Officer Jeffrey Strubhart failed or refused to allow Plaintiff's witness to give a statement regarding the incident. Strubhart denied the grievance based solely on the statements of Mathis and Shaw. Warden Thompson concurred. Plaintiff appealed to the ARB, who also denied the grievance.

Based on the allegations in the First Amended Complaint, the Court designates the following claims in this *pro se* action: [1]

> Count 1: Eighth Amendment claim against Mathis and Shaw for forcing Plaintiff to take his medication in an unsanitary way on August 18, 2020.
>
> Count 2: Fifth and/or Fourteenth Amendment claim against Strubhart, Thompson, Jeffreys, and the ARB for failing to investigate and denying Plaintiff's grievance regarding the incident involving Mathis and Shaw on August 18, 2020.

Plaintiff seeks monetary damages and injunctive relief.

**Discussion**

As a preliminary matter, the ARB is not a proper defendant because "a state and its agencies are not suable 'persons' within the meaning of section 1983." *Thomas v. Ill.,* 697 F. 3d 612, 613 (7th Cir. 2012). As such, the ARB will be dismissed with prejudice.

The claim in Count 1 will proceed against Mathis and Shaw. However, the allegations in

---

[1] Any claim mentioned in the First Amended Complaint but not addressed in this Order is dismissed without prejudice as inadequately pled under the *Twombly* pleading standard. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face.").

Count 2 fail to state a claim. "Prison grievance procedures are not mandated by the First Amendment and do not by their very existence create interests protected by the Due Process Clause." *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011). Thus, prison officials incur no liability under § 1983 if they fail or refuse to investigate a prisoner's complaints or grievances. *Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005). Further, "[p]rison officials who simply processed or reviewed inmate grievances lack personal involvement in the conduct forming the basis of the grievance." *Owens v. Evans*, 878 F.3d 559, 563 (7th Cir. 2017); *see also George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007). Accordingly, Count 2 will be dismissed without prejudice for failure to state a claim.

### Request for Injunctive Relief

The Warden of Centralia Correctional Center, in his/her official capacity, will be added to the docket with regard to the request for injunctive relief in the First Amended Complaint. *See Gonzales v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011) (holding warden is proper defendant for injunctive relief claim as he would be responsible for ensuring that any injunctive relief would be carried out).

### Disposition

Count 1 will proceed against Mathis and Shaw. Count 2 and Defendants Strubhart, Thompson, and Jeffreys are **DISMISSED without prejudice**. The ARB is **DISMISSED with prejudice**. The Clerk of Court is **DIRECTED** to **TERMINATE** Strubhart, Thompson, Jeffreys and the ARB and to **ADD** the current Warden of Centralia Correctional Center, in his/her official capacity, for purposes of Plaintiff's claim for injunctive relief.

The Clerk shall prepare for Mathis, Anissa Shaw, and the Warden of Centralia Correctional Center (official capacity only): (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the First Amended Complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk and shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the First Amended Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order.

Plaintiff is **ADVISED** that if judgment is rendered against him and the judgment includes the payment of costs under 28 U.S.C. §1915, he will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is further **ADVISED** that he is under a continuing obligation to keep the Clerk of

Court and the opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  February 7, 2022**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**

**Notice to Plaintiff**

The Court will take the necessary steps to notify the Defendants of your lawsuit and serve them with a copy of your First Amended Complaint. After service has been achieved, Defendants will enter an appearance and file an Answer to your First Amended Complaint. It will likely take at least **60 days** from the date of this Order to receive the Defendants' Answer, but it is entirely possible that it will take **90 days** or more. When Defendants have filed their Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, to give the Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.